# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WAGNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1438 TCM |
| | ) | |
| GEORGE LOMBARDI, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Joseph Wagner petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the limitations period, and the Court will require Wagner to show cause why it should not be dismissed.

Wagner challenges several sentences imposed in cases *Missouri v. Wagner*, 07U1-CR00261-01, and *Missouri v. Wagner*, 11AU-CR00420-01. The sentences were imposed on several dates, and were sometimes imposed on the same dates. The latest sentence, of fifteen years' imprisonment, was issued on February 4, 2013.

Wagner filed a petition for writ of prohibition in the Missouri Court of Appeals for the Eastern District on May, 22, 2013. *Ex rel. Wagner v. Dalton*, No. ED99978 (Mo. Ct. App.). The court dismissed the petition without discussion on August 12, 2013. He then filed a petition for writ of prohibition in the Missouri Supreme Court on October 8, 2013, which the court summarily denied on November 26, 2013. *Ex rel. Wagner v. Dalton*, No. SC93714 (Mo. banc).

Wagner next filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Western District on June 12, 2015, which the court summarily denied on June 16, 2012. *In re Wagner v. Cassady,* No. WD 78706 (Mo. Ct. App).

Wagner filed the instant petition on approximately September 14, 2014. In it, he argues that a conspiracy existed between the prosecutor, the trial court, the public defender, and the appellate court to falsely accuse him and imprison him for a crime he did not commit.

> Under 28 U.S.C. § 2244(d):
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Assuming the judgment became final on February 4, 2013, which is the last date a sentence was imposed; and assuming the limitations period was tolled during each of Wagner's post-conviction petitions, which is unlikely; then well over one year passed before Wagner filed his § 2254 petition in this Court. Therefore, it appears that the petition is barred by the limitations period, and the Court will order Wagner to show

2

cause why the petition should not be summarily dismissed as time-barred.  *See* 28 U.S.C. § 2254, Rule 4; *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that Wagner must show cause, no later than **October 14, 2015**, why this action should not be summarily dismissed as time-barred.

Dated this  24th  day of September, 2015.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE