# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WAGNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1438 CAS |
| | ) | |
| GEORGE LOMBARDI, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Joseph Wagner petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is barred by the limitations period and is denied. See 28 U.S.C. § 2254 Rule 4; Day v. McDonough, 547 U.S. 198, 210 (2006) (permitting sua sponte dismissal of untimely petitions after fair notice).

## Background

Petitioner challenges the judgments imposed in cases Missouri v. Wagner, 07U1-CR00261-01 (Audrain County), and Missouri v. Wagner, 11AU-CR00420-01 (Audrain County). In the 2007 case, the court sentenced petitioner on February 2, 2009, to five years' imprisonment. The court suspended the execution of the sentence. Petitioner did not file an appeal.

In the 2011 case, the court sentenced petitioner on July 19, 2011, to fifteen years' imprisonment. However, the court ordered that petitioner only serve 120 days of shock incarceration at that time. Petitioner did not file an appeal.

Wagner filed a petition for writ of prohibition in the Missouri Court of Appeals for the Eastern District on May, 20, 2013. Ex rel. Wagner v. Dalton, No. ED99978 (Mo. Ct. App.). The court dismissed the petition without discussion on May 23, 2013.

He subsequently filed a petition for writ of prohibition in the Missouri Supreme Court on October 8, 2013, which the court summarily denied on November 26, 2013. Ex rel. Wagner v. Dalton, No. SC93714 (Mo. banc).

He filed a petition for writ of habeas corpus on December 27, 2013, which the court dismissed on April 30, 2015, as procedurally barred and meritless. Wagner v. Cassady, No. 13AC-CC00782.

Wagner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Western District on June 12, 2015, which the court summarily denied on June 16, 2015. In re Wagner v. Cassady, No. WD78706 (Mo. Ct. App).

Wagner filed the instant petition on or about September 17, 2015. In his petition he argues that a conspiracy existed between the prosecutor, the trial court, the public defender, and the appellate court to falsely accuse him and imprison him for a crime he did not commit.

## Discussion

Under Rule 2(e) of the Rules Governing § 2254 cases, a petitioner must bring separate petitions for separate judgments of a state court. Therefore, the petition is defective for this reason. Furthermore, the petition is barred by the limitations period.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### 1. <u>Missouri v. Wagner</u>, 07U1-CR00261-01 (Audrain County)

In the 2007 case, petitioner was sentenced on February 2, 2009, but his sentence was suspended. Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., <u>Missouri v. Nelson</u>, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. <u>Id.</u>; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment in this case became final on February 12, 2009. The limitations period for filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254 expired on February 12, 2010. As a result, any habeas claims related to this judgment are time-barred.

### 2. <u>Missouri v. Wagner</u>, 11AU-CR00420-01 (Audrain County)

Petitioner was sentenced in the 2011 case on July 19, 2011. Because he did not file an appeal, his judgment became final on July 29, 2011. Wagner did not file his first writ of prohibition until May, 20, 2013, and therefore, the limitations period for filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254 expired on July 29, 2012. As a result, any habeas claims related to this judgment are also time-barred.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Consequently, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   4th    day of January, 2016